## ELI REEP

*v.*

## THE COUNTY OF MENARD.

COUNTY TREASURER—*right to clerk hire.* Under the refunding act of March, 1875, the county board is not bound to allow the county treasurer compensation for clerk hire for more than a reasonable time to assist in refunding the excess of taxes collected for the year 1873. When the greater portion of such taxes was refunded, and the treasurer still retained a clerk, he having no other duties to perform, compensation for such clerk hire was properly refused.

APPEAL from the Circuit Court of Menard county; the Hon. LYMAN LACEY, Judge, presiding.

This suit was brought by Eli Reep, against the county of Menard, to recover clerk hire and other fees, alleged to be due him as treasurer of that county. Plaintiff was elected treasurer of Menard county, and held that office for two years, ending in December, 1875. While in office, there came to his hands the excess of the State tax collected in that county for 1873, above what was lawful, amounting in the aggregate to $4139.36, which, under the act of March, 1875, was declared to belong to the tax-payers of the county, and, under provisions of that act, was to be distributed to parties entitled thereto.

Prior to July 12, 1875, plaintiff had paid out of that fund $2408.41, and the county board allowed him for the services of a clerk engaged to do that labor, for thirty-one days at $3.50 per day. Plaintiff still retained in his employ a clerk, and between that date and the expiration of his term of office he paid out of that fund the further sum of $691, and then paid balance in his hands, $1089.89, to his successor in office. Plaintiff's claim is for services of clerk in refunding taxes during the latter period indicated, for one hundred and twenty-three days, $3.50 per day, and for money expended for books, stationery, stamps, and so forth, $5.60. The court to whom the cause was submitted found for plaintiff $77.94, and being

dissatisfied with the amount of the judgment in his favor, plaintiff brings the case to this court on appeal.

Mr. N. W. BRANSON, and Mr. S. H. BLANE, for the appellant.

Mr. T. W. McNEELEY, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The controversy in this case has exclusive reference to plaintiff's claim for services of a clerk, in disbursing what is called the "refunding fund," under the act of March, 1875, being the excess of State tax collected for 1873 above what was lawful, and which, under provisions of that act, was to be refunded to tax-payers from whom it had been collected. No compensation was ever fixed for plaintiff as county treasurer at any time, during his term of office. by the county board, as was its duty under sec. 10, art. 10, of the constitution.

It is provided by statute, that in counties of the class to which the county of Menard belongs, the county treasurer shall be allowed one per cent for receiving, and one per cent for paying out all funds belonging to the county, or pertaining to his office. Accordingly, the court, by its judgment, seems to have allowed plaintiff statutory fees on the amount of the "refunding fund" that came to his hands, and small sums expended for sundry articles for the use of his office, but rejected all claim for clerk hire. Whether the court decided correctly in allowing plaintiff statutory fees or not, the county has assigned no cross-errors, as was its privilege under the statute, and we must presume it is satisfied with the judgment in that respect.

Under the law, there can be no doubt it was the duty of plaintiff, as county treasurer, to receive these taxes for the use of the people of the county, like other funds belonging to the county. The 12th section of the refunding act declares it shall be the duty of the county board, in counties having this fund to distribute, to provide for such additional compensation

for such clerk hire, and for all necessary books, as may be deemed proper. It is under that section plaintiff claims compensation for clerk hire.

There is a ground upon which this judgment may be affirmed, without discussing other questions raised. It is conceded, that after the 12th day of July, plaintiff had no duties pertaining to his office to perform that would engage him for any considerable time, except the distribution of this particular fund. Prior to that date, plaintiff had paid out $2408.41 of that fund, and the county board had made him a liberal allowance for clerk hire. Under the discretion given by statute, to allow such compensation for clerk hire as should be deemed proper, for the distribution of the remaining portion of the "refunding fund" in the hands of plaintiff, the board might well say none was necessary. During a period of one hundred and twenty-three days, plaintiff paid out a sum less than $700, and, with no other duties of his office to engage his attention, it can not be said a clerk was necessary to assist him.

The fact, the county board may have allowed plaintiff for clerk hire prior to 12th of July, can not be construed into an agreement to continue to do so. That was a mere gratuity.

The judgment will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE CRAIG: I concur in affirming the judgment, but not in the reasoning of the opinion. In my judgment, this case is governed by the decision of *Purcell* v. *Parks*, 82 Ill. 346.

Mr. JUSTICE WALKER: I concur in the views expressed by my brother CRAIG.