## THE PEOPLE, use, etc.

### v.

## EDWARD S. GREGORY ET AL.

1. SUIT ON BOND.—In a suit upon an official bond, assigning breaches, each breach assigned stands in the place of a declaration, and upon a general demurrer to the whole, if any one breach is well assigned, the demurrer should be overruled.

2. PRACTICE.—Where, upon an appeal from a judgment sustaining a demurrer to a declaration assigning several breaches in a bond, the demurrer is not set out in the record, and there is nothing to show to the contrary, the court will not presume that such demurrer was several to each breach assigned.

3. SHERIFF—TO PAY OVER FEES RECEIVED IN EXCESS OF ALLOWANCES.—It is the duty of a sheriff to pay over to the county treasurer all fees and emoluments received by him in excess of the allowances made to him by the county board.

4. ALLOWANCES MADE BY COUNTY BOARD.—The mere form of words used in making the allowance by the county board, is not essential to its validity. So, an allowance of $1,500 to a sheriff "to pay his deputies" will be deemed to have been intended by the board to cover all they thought necessary for clerk hire, stationery, fuel and other expenses.

The People v. Gregory.

Error to the Circuit Court of Vermillion county; the Hon. J. W. Wilkin, Judge, presiding.    Opinion filed September 6, 1882.

Messrs. Black & Blackburn, for plaintiff in error; that all fees and emoluments in excess of his allowances must be paid into the county treasury by the sheriff, cited Rev. Stat. Chap. 53, § 52; Constitution, Art. 10, § 10; Cooper v. The People, 85 Ill. 417; Cullom v. Dolloff, 94 Ill. 330; Jennings v. Fayette County, 97 Ill. 419; Kilgore v. The People, 76 Ill. 548.

Having accepted the office, he takes it *cum onere :* Bryner v. Sup'rs, 24 Ill. 195.

The sum fixed by the board as compensation to the officer is unalterable, but the amount allowed for expenses may be changed:    Hamilton County v. Buck, 8 Bradwell, 255.

Mr. D. D. Evans and Messrs. Mann, Calhoun & Frazier for defendants in error.

Higbee, J.    This was a suit against Edward S. Gregory and his sureties on his official bond as sheriff of Vermillion county, to recover certain fees and emoluments alleged to have been received by him during his term of office, and not accounted for and paid over to the treasurer of said county.

The declaration avers the election of Gregory in November 1876, the execution of the bond sued on, by himself and sureties, conditioned that he would justly and fairly account for and pay over all moneys that might come to his hands by virtue of his office, and well and truly perform every act and duty enjoined by the laws of the State to the best of his ability.    Thirteen breaches were assigned, to which a demurrer was interposed by defendants.

Plaintiff entered a *nolle prosequi* to the first, second, third fourth, fifth and sixth, and the court sustained the demurrer to the remaining breaches.    The plaintiff, abiding by the declaration, judgment was rendered in favor of defendants, from which plaintiff appeals to this court, and assigns for error the ruling of the trial court in sustaining the demurrer to said breaches.

The People v. Gregory.

Each breach assigned stands in the place of a count in the declaration, setting out a separate and distinct cause of action. The demurrer is not set out in the record, and, in the absence of anything to the contrary, we can not presume it was several to each breach, and if not, and any one breach is well assigned, it should have been overruled as to all.

The eighth breach avers, the board of supervisors of said county at their September meeting, 1876, the last meeting before appellee was elected, fixed the compensation of sheriff for the ensuing term at $1,500 per annum and a like amount for paying his deputies. That said sheriff during his official term received, on account of fees and emoluments earned by him, the sum of $1,167.82 over and above the amount so allowed him for compensation and deputy hire and all other allowances made him by the board, which he refused to pay over to the county treasurer after demand therefor.

Section 10 of Article X of the constitution of this State provides : " The county board shall fix the compensation of all county officers, with the amount of their necessary clerk hire, stationery, fuel and other expenses, and in all cases where fees are provided for, said compensation shall be paid only out of, and shall in no instance exceed, the fees actually collected. They shall not allow either of them more per annum than $1,500, in counties not exceeding 20,000 inhabitants ; *Provided,* that the compensation of no officer shall be increased or diminished during his term of office. All fees or allowances by them received in excess of their said compensation shall be paid into the county treasury."

In obedience to these requirements of the constitution the General Assembly, by an act approved March 29, 1872, did provide for and regulate the fees of all county officers, including sheriffs. Section 51 of said act requires all county officers to account to the county board on the first days of June and December of each year, under oath, for all fees and emoluments of their several offices of every nature and character earned or received by them. Section 52 provides that " all fees, perquisites and emoluments received by said county officers (above the amount of compensation fixed by the county

board, and clerk hire and other necessary expenses) shall be paid into the county treasury."

Under these provisions of the constitution and law it is the duty of the board of supervisors at their September meeting before the election of county officers, to fix the compensation of the officers to be elected with the amount of their necessary clerk hire, stationery, fuel and other expenses.

1st. Said compensation shall be paid only out of the fees actually collected.

2d. Said compensation shall in no instance exceed the fees actually collected.

3d. Said county officers shall render an account under oath semi-annually of all fees earned or collected.

4th. All fees or allowances by them received in excess of their said compensation shall be paid into the county treasury.

In Cullom v. Dolloff, 94 Ill. 330, it was held by the Supreme Court of this State, that in fixing the amount of clerk hire, stationery, fuel and other expenses, the county board could not exceed the amount *necessary* for such purposes, and that any excess over what was necessary to pay the same, received by the officer, must be paid into the county treasury, notwithstanding it had been allowed him in the order of the board.

In Daggett v. Ford County, 99 Ill. 334, it was held that "A clerk of the circuit court can not recover from the county, money actually expended by him for necessary clerk hire, in excess of the amount allowed him by the county board for that purpose, separately from his compensation for personal services, within the limit of fees actually received. If the amount paid for clerk hire falls short of the sum fixed by the county board, the officer can retain only the sum actually expended by him, but can not recover for any excess actually paid by him."

It was said in that case, "When the county board has thus fixed an officer's compensation, we conceive that that is all to which he is entitled. It has been fixed by the authority which the constitution has appointed to fix it. Although it is the amount of their *necessary* clerk hire, etc., which the county

board is to fix, it is for the board to decide what amount *is* necessary. Still, they are to fix the amount which is necessary, and of necessity are to determine what is necessary. And when they have acted and fixed what, in their judgment, is the necessary amount for clerk hire, etc., we do not see that, under the constitution, there is any other power which has authority to increase it."

In Purcell v. Parks, 82 Ill. 346, Mr. Justice Dickey, in delivering the opinion of the court, said: " I am instructed by the court to say that, in the opinion of a majority of the judges thereof, the clerk, under the constitution and statute, is not entitled to appropriate to his own use any of the fees of his office, except by virtue of an order of the county board. In the absence of such an order, such clerk has no compensation by law whatever."

From these authorities we are of opinion that it was the duty of Gregory, the sheriff, to have paid over to the county treasurer all fees and emoluments received by him in excess of the allowances made to him by the county board, which the 8th breach avers he failed and refused to do after demand made therefor.

But it is objected that the allowances made to the sheriff, over and above his compensation, was for paying his deputies, and not in the language of the constitution, for necessary clerk hire, stationery, fuel and other expenses. This allowance of $1,500 was made for a purpose not named in the constitution, but was in addition to his $1,500 for compensation, and was, no doubt, intended by the board to cover all that they thought necessary for all purposes.

The mere form of words used in making the allowances, is not deemed essential to its validity. Kilgore v. The People, 76 Ill. 548. Besides, as we have seen, the defendant is entitled to retain nothing without the order of the board in his favor, authorizing it. If the order is void it does not help him; but the declaration shows that he had the full benefit of this allowance, and avers that after deducting all allowances, the sum sued for still remained due.

It follows from what is here said that we think the court erred in sustaining the demurrer to the 8th breach.    We also think the 9th, 10th, 11th and 12th breaches were well assigned.

Judgment reversed and cause remanded.

Reversed.