Stadler v. Fahey.

Reversed and remanded.

## George A. Stadler v. Michael Fahey.

1. FEES AND SALARIES—*Of Municipal Officers—Not to be Increased nor Diminished During their Term of Office.*—It is provided by section 11, article 9, of our State constitution that, " The fees, salary or compensation of municipal officers, who are elected or appointed for a definite term, can not be increased or diminished during such term."

2. ORDINANCES—*When Courts Will Not go Outside of Them to Find Intention.*—Where the language of an ordinance is clear and admits of no ambiguity, courts will not go outside of it to find the intention of its enactors.

3. ESTOPPEL—*By Member of City Council to Assert Illegality of Ordinance for Which he Voted, When.*—A council member's vote on the final passage of an ordinance does not estop him from asserting its illegality as a taxpayer and a citizen.

Bill for an Injunction.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed February 27, 1900.

Statement.—The city of Decatur, Illinois, is a municipal corporation under the general incorporation act relating to cities and villages. On the 19th of April, 1899, appellant was elected mayor of the city for a term of two years.

The salary of the mayor at that time was $500 per annum, as fixed by an ordinance passed in May, 1898. By an ordi-

nance, approved May 27, 1899, his salary was raised to $1,500 per annum, payable in monthly installments of $125 each. After he had drawn $125 for each of the months of May, June, July and August, aggregating $500, appellee, a resident taxpayer of the city, presented to the Circuit Court a bill in chancery to restrain any further payment to appellant as salary for that year. Appellant, the city comptroller, the city treasurer and the municipality were made defendants. The theory of the bill is that the ordinance of May, 1898, fixed the salary of appellant, and that the city council had no right to raise it during his term of office.

The position was controverted in the court below, and it was also contended that the complainant (appellee) was estopped from asserting the illegality of the ordinance, for the reason that he was a member of the city council at the time the ordinance was adopted and voted for it. The Circuit Court sustained the bill, and permanently enjoined the payment of any further salary to appellant for that year.

W. C. JOHNS, attorney for appellant.

The constitution of 1870, Art. IX, Sec. 11, p. 69, provides:

"The fees, salary or compensation of no municipal officer who is elected or appointed for a definite term of office, shall be increased or diminished during such term."

HUGH CREA, attorney for appellee.

If the language of a statute or ordinance is clear and admits of but one meaning there is no room for construction. It is not allowable to interpret that which has no need of interpretation. In such a case any departure from the language used would be an unjustifiable assumption of legislative power. 23 Am. & En. Ency. of Law, 298; Frye v. Chicago R. R. Co., 73 Ill. 399; Martin v. Swift, 120 Ill. 489; Beardstown v. Virginia, 76 Ill. 34.

It is only in cases where the words of a statute are capable of two meanings, or where by giving them their literal interpretation the statute would be inconsistent or ambig-

uous, that courts resort to the secondary rules of construction to aid in determining the real intention of the legislature. 23 Am. & Eng. Ency. of Law, 305.

Mr. Justice Harker delivered the opinion of the court.

It is provided by section 11, article 9 of our State constitution :

" The fees, salary or compensation of no municipal officer who is elected or appointed for a definite term of office, shall be increased or diminished during such term."

Section 13, article 6 of chapter 24, Revised Statutes, provides :

" The mayor of any city shall receive such compensation as the city council may by ordinance direct, but his compensation shall not be changed during his term of office."

We are clearly of the opinion that appellant's salary at the time he was elected and installed into office was fixed by the ordinance of May 24, 1898.

The first section of it is as follows : " The salary of the mayor shall be $500 per annum." It is contended that it applies only to that year. But no such limitation appears anywhere in the ordinance. There is nothing uncertain about the language quoted. It declares plainly that the mayor's salary shall be $500 per annum, not for one year merely, but indefinitely. The clear meaning is that $500 each year shall be paid to that official until a change in amount shall be legally provided for by ordinance. The attempted change was not made until after appellant had entered upon his term of office and was, therefore, in direct violation of the constitutional and statutory provisions above quoted.

Counsel for appellant would have us read into the section of the ordinance of 1898 relating to the mayor's salary, the words " for the fiscal year, 1898," because it was but a re-enactment of the same provision contained in ordinances passed in 1893, 1894, 1895, 1896 and 1897.

It is argued that an intention of the city council that such ordinance should be only temporary is manifested by its annual adoption.

Where the language of an ordinance is clear and admits of no ambiguity, courts will not go outside of it to find the intention of its enactors. Frye et al. v. C. B. & Q. R. R. Co., 73 Ill. 399; Beardstown et al. v. Virginia et al., 76 Ill. 34; Martin et al. v. Swift, 120 Ill. 488.

It is contended that appellee is estopped from asserting the illegality of the ordinance, because of the action taken by him with reference to it while he was a member of the city council.

It appears from the record that appellee was a member of the city council and a member of the salary committee. At the meeting of the council on May 22, 1899, a majority of the committee reported to the council in favor of raising the mayor's salary to $1,500. Appellee was in favor of the salaries remaining as fixed by the ordinance of 1898, and submitted a minority report to that effect. There was opposition to raising the salaries of some of the officers, as recommended by the majority of the committee, and a motion to adopt the majority report was lost. A motion was then made to adopt the majority report in reference to the mayor's salary and that the salaries of the other officers remain the same as that provided by the ordinance of 1898. That motion was carried by a vote of twelve to two. Appellee voted in the negative. The ordinance as revised was then put upon its final passage and all voted for it.

We do not think appellee's vote on the final passage of the ordinance estops him from asserting its illegality as a taxpayer and a citizen. As a member of the city council his attitude toward raising the salaries of officials was hostile until after it had been decided by a large majority vote to raise the salary of the mayor. He opposed and protested to the point where opposition and protest could no longer serve any purpose. To vote against the ordinance, as revised, could no longer avail anything, and would put him on record as being against continuing the salaries of other officers as fixed by the ordinance of 1898, a proposition he was in favor of.

The decree of the Circuit Court will be affirmed.