## J. E. Lee, Appellant, v. City of Venice, Appellee.

1. MUNICIPAL CORPORATIONS, § 122*—*when mayor acting as president of board of local improvements is not entitled to extra compensation.* In an action by a city against its former mayor to recover the amount paid to him for service as president of the board of local improvements over and above his salary as mayor, where it appeared that during the entire term of such mayor an ordinance was in force constituting the mayor and certain aldermen such board, and providing that such mayor by virtue of his office should be president of said board and making no provision for salary or compensation to either the president or other members; that the salary so paid to said mayor as such president was fixed by resolution of the city council, and that defendant devoted considerable of his time during his two terms to local improvement work, *held* that as the defendant was by virtue of his office as mayor of the city, which had a population of less than 50,000, president of the board of local improvements, the duties imposed upon him were simply additional duties and part of the duties of his office, and therefore his salary as mayor was the only compensation which could legally be allowed him.

2. MUNICIPAL CORPORATIONS, § 124*—*when salary of officer may not be increased during term.* The salary of a city officer cannot be changed during his term of office, even though the compensation provided may, as a matter of fact, be inadequate; neither does the imposition of additional duties upon such officer authorize an increase in his compensation during such term.

3. MUNICIPAL CORPORATIONS, § 124*—*necessity of ordinance fixing additional allowance for services to officer.* In an action by a city against its former mayor to recover the amount paid to him for services as president of the board of local improvements over and above his salary as mayor, where it appeared that during the entire term of such mayor an ordinance was in force constituting the mayor and certain alderman such board, and providing that such mayor, by virtue of his office, should be president of said board, and making no provision for salary or compensation to either the president or other members; that the salary so paid to said mayor as such president was fixed by resolution of the city council, and that the defendant devoted considerable of his time during his two terms to local improvement work, *held* that in any event the additional allowance was illegal, as the same was not fixed by ordinance but by a resolution.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. Municipal corporations, § 69*—*when ordinance necessary.* Where the law or charter of a city requires an act to be done by ordinance, a resolution is not sufficient, but an ordinance is necessary.

5. Municipal corporations—*when city itself may maintain action to recover excess compensation paid to mayor.* In an action by a city against its former mayor to recover the amount paid to him for services as president of the board of local improvements over and above his salary as mayor, where it appeared that during the entire term of such mayor an ordinance was in force constituting the mayor and certain alderman such board, and providing that such mayor, by virtue of his office, should be president of said board, and making no provision for salary or compensation to either the president or other members; that the salary so paid to said mayor as such president was fixed by resolution of the city council, and that defendant devoted considerable of his time during his two terms to local improvement work, defendant contended that, even though the allowance was illegal, the same could not be recovered by the city, on the ground that the amount paid the defendant was so paid out of an assessment and was therefore recoverable by taxpayers only, *held* that as the money was paid on city warrants drawn against funds in the city treasury, it belonged to the city and therefore the city had the right to maintain the suit.

Appeal from the Circuit Court of Madison county; the Hon. J. F. Gillham, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

J. M. Bandy, for appellant.

Terry, Gueltig & Powell, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

In April, 1911, J. E. Lee, appellant, was elected mayor of the City of Venice for the term expiring May, 1913, at which time he was re-elected, his second term expiring May, 1915. During his first term of office his salary as mayor was fixed by ordinance at $250 per annum and during his second term at $600 per year. During the entire time he held the office

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and prior thereto there was in force in said city an or-
dinance creating a board of local improvements, pro-
viding that the mayor and certain aldermen consti-
tute such board and that the mayor by virtue of his
office be the president of such board. This ordinance
made no provision for salary or compensation to be
paid the mayor, as president of the board, or any
member thereof. Several local improvements were
started and completed during the four years appel-
lant served as such mayor and he devoted consider-
able of his time to that work. On April 18, 1913, be-
fore appellant's first term of office had expired, the
city council passed the following resolution, which was
adopted and made a matter of record:

"Moved by Huckaby, seconded by Bayers, that the
aldermen be paid the sum of three dollars ($3.00) for
each meeting of the board of local improvements at-
tended by them, and the president of the board be
allowed the sum of twenty-five dollars ($25.00) per
month, while the improvements are in progress."

On April 22, 1913, a voucher for $450 signed by the
city clerk and countersigned by the mayor was pre-
sented by appellant to the city treasurer of the City of
Venice and paid by him out of the general funds of
the city. This was for compensation to appellant for
his services as president of the board of local improve-
ments during the eighteen months of his first term
that such improvements were in progress, as provided
by above resolution. During his second term as
mayor, appellant drew $250 in the same manner from
the general fund of the city for like services rendered
during that period. This suit is an action in assump-
sit by the city to recover the $700 received by appel-
lant for his compensation as president of the board of
local improvements. The case was tried before the
court without a jury and judgment for $700 was ren-
dered in favor of the city.

The City of Venice is incorporated under the general city, town and village act of Illinois. Appellant's salary as mayor had been fixed by ordinance at $250 per annum prior to the time he was elected and installed in 1911, and at $600 per annum prior to his election and installation in 1913. The City of Venice having a population of less than 50,000, the mayor is, by virtue of his office, president of the board of local improvements, independent of any ordinance. (Chapter 24, sec. 6, p. 463, Hurd's Rev. St. 1916, Cal. Ill. St. Supp. 1916, ¶ 1393.) The duties imposed on appellant as president of such board were simply additional duties given to the mayor to perform and were part of the duties of that office. Appellant was entitled to his salary as mayor but was not entitled to additional compensation as president or member of the board of local improvements. His salary as mayor was the only compensation for his services on said board which could legally be allowed him. *Northwestern University v. Village of Wilmette,* 230 Ill. 80. It is provided by section 11, art. IX of our State Constitution that: "The fees, salary or compensation of no municipal officer who is elected or appointed for a definite term of office shall be increased or diminished during such term." Section 13, art. VI, ch. 24, Rev. St. (J. & A. ¶ 1356) provides that the compensation of the mayor of any city shall not be changed during his term of office. An ordinance increasing the salary of a mayor during his term of office was held invalid in *Stadler v. Fahey,* 87 Ill. App. 411. The salary of a city officer cannot be changed during his term of office even though the compensation provided may as a matter of fact be inadequate. *Gathemann v. City of Chicago,* 263 Ill. 293; *City of Chicago v. Wolf,* 221 Ill. 131. Neither does the imposition of additional duties upon an officer authorize an increase in his compensation

during the term for which he is elected. *Fergus v. Russel,* 270 Ill. 626, and authorities there cited.

The increase given appellant must also be held illegal for another reason. Section 13, art. VI, ch. 24, Rev. St. (J. & A. ¶ 1356) provides, that the mayor of a city shall receive such compensation as the city council may by ordinance direct. The additional salary in question was not fixed by ordinance but by a resolution. Where the law or the charter of a city requires an act to be done by ordinance, a resolution is not sufficient, but an ordinance is necessary. *Chicago & N. P. R. Co. v. City of Chicago,* 174 Ill. 439; *Village of Altamont v. Baltimore & O. S. W. Ry. Co.,* 184 Ill. 47. Even if this additional salary could have been legally allowed appellant, it would have had to be fixed by an ordinance and not by resolution.

Counsel for appellant contends the additional compensation, even if illegal, cannot be recovered by the city assigning as a reason therefor, that by the ordinance providing for the improvements six per cent. was added to the assessments and collected from the property owners, for the payment of "all lawful expenses, court costs, etc., connected with said improvements," and that the $700 paid appellant belongs to that six per cent. fund, is the property of the taxpayers, and is recoverable only by them, if by any one. If the $700 had been paid out of that six per cent. assessment, it might be that the city could not recover it, but the stipulation of facts filed in this case shows that this money was paid appellant on two city warrants, drawn against the city treasury, and was paid out of the general funds of the City of Venice. It therefore belongs to the city, and the city has the right to maintain this suit. The judgment of the trial court is affirmed.

*Affirmed.*