(No. 25365.—

CHARLES F. BAUMRUCKER, Appellee, *vs.* JOHN L. BRINK *et al.* Appellants.

*Opinion filed December 15, 1939—Rehearing denied Feb. 8, 1940.*

FARTHING, J., dissenting.

THOMAS A. MATTHEWS, for appellants.

RAYMOND L. MCVEAN, and WILLIAM J. CORRIGAN, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Charles F. Baumrucker as a resident and taxpayer of the village of River Forest, Illinois, filed a complaint on behalf of himself and other taxpayers, to restrain the payment of a salary to John L. Brink, president of the village board, fixed by ordinance by the village board after his qualification and election. At the time of his election there was an ordinance in force providing that the president of the village board should receive no salary. The circuit court held the ordinance creating the salary void and certified that the validity of an ordinance was involved and that public interest required that a direct appeal be taken to the Supreme Court.

The village of River Forest is a municipal corporation organized under the general Cities and Villages act of 1872. In 1903, an ordinance was adopted by the village fixing the compensation of the president of the village board at $150 per year. In 1908, that part of the ordinance fixing a salary for the president of the village was amended so as to provide that such president should receive no compensation for his services as president of the village, or for the performance of any duties connected with the office of president. Appellant John L. Brink was elected president of the village of River Forest in April, 1935, for a term of two years and thereafter, on April 6, 1937, was again elected president of the village of River Forest.

On August 2, 1937, an ordinance was adopted by the village, fixing the compensation of the president at the sum of $2000 per year commencing with the beginning of his term in 1937, payable in monthly instalments, and repealed all ordinances in conflict with the same. The object of the

plaintiff's suit was to restrain the president, clerk and treasurer, as well as the village of River Forest, from paying said salary, on the ground that the ordinance authorizing the same was void as being in violation of section 11 of article 9 of the constitution of Illinois. This section reads as follows: "No person who is in default, as collector or custodian of money or property belonging to a municipal corporation, shall be eligible to any office in or under such corporation. The fees, salary or compensation of no municipal officer who is elected or appointed for a definite term of office, shall be increased or diminished during such term." The appellants contend that since the statute (Ill. Rev. Stat. 1939, chap. 24, par. 150) provides the compensation for performance of duties as president shall be an annual salary which shall be fixed by the board of trustees and which shall not exceed a specified amount, it was not only authority but a requirement that a salary be fixed, and when so fixed, though after the election of the president, it does not violate the constitution by diminishing or increasing compensation, because, up to the time of the passage of the ordinance, there was no compensation fixed which could be increased or diminished. The president of a village board is undoubtedly a municipal officer, and in this case he was elected to office for a definite term so that, in every way, appellee Brink comes within the constitutional prohibition, leaving for consideration only the question whether, in a case where there is a specific provision by ordinance that an officer shall receive no compensation, the constitution is violated by the passage of a new ordinance authorizing the payment of a salary. It does not appear that section 11 of article 9 of the constitution, as affecting a city official, has been construed by this court. The provisions contained in this section have been held to apply to officers not specifically mentioned in other provisions of the constitution, holding offices in and for any of the political subdivisions of the State created by the law. (*Wolf* v. *Hope,*

210 Ill. 50.) Thus the judge of a city court, (*Wolf* v. *Hope, supra,*) the judge of a municipal court, (*People* v. *City of Chicago,* 360 Ill. 25,) commissioners of forest preserves, (*Peabody* v. *Forest Preserve District,* 320 Ill. 454,) are all municipal officers. So, also, county superintendents of schools, State's attorneys, clerks of probate courts, city treasurers and boards of election commissioners are municipal officers. It has been held with respect to all such officers that their salary or compensation cannot be changed during their term of office. *Jimison* v. *Adams County,* 130 Ill. 558; *People* v. *Williams,* 232 id. 519; *Cook County* v. *Sennott,* 136 id. 314; *City of Chicago* v. *Wolf,* 221 id. 130; *People* v. *Board of Comrs.* 260 id. 345.

In none of these cases where an attempt was made to change the compensation was the officer wholly without salary or compensation. The language used in these cases, however, is so strong and emphatic that it appears clear that section 11 of article 9 of the constitution has been construed to mean that there can be no change in what the municipal officer receives by virtue of his office during his term, if elected or appointed for a definite period of time. It would be, in our opinion, mere sophistry to hold that a public office, compensated only by the honor of holding it, has not received an increase in compensation by adding to it the sum of $2000 per year. It seems clear to us that the prohibition of the constitution is directed against the changing of the financial emoluments, if any, during the officer's term and was not intended to be a mere play on words under the guise of which an officer receiving nothing in the form of money, could have his compensation increased, and, on the other hand, an officer receiving pay, however small or large, might not have it changed in the slightest degree. The object sought to be accomplished by the section of the constitution under consideration is to take it out of the power of municipal officers of the class designated, elected upon an implied agreement to accept the bur-

dens of the office as they exist, to increase the emoluments of the office after election. Our attention is called to the fact that the statute above mentioned, (Ill. Rev. Stat. 1939, chap. 24, par. 150,) as it was amended in 1935, made it the duty of a village board to fix a salary and provided the maximum amount that could be fixed. This statute was in effect almost two years before the last election of appellant Brink, and he was president of the village at the time it did go into effect. It is not made clear how the amendment of 1935 has any effect to change the constitutional mandate so as to permit Brink to retain benefits obtained in violation thereof.

Our attention is called to the case of *Purcell* v. *Parks*, 82 Ill. 346, which is claimed to be authority for the proposition that where the village has fixed no salary for the mayor the constitutional inhibition does not prevent a salary from being fixed during the term of office. It is to be noted that this case does not decide a case arising under section 11 of article 9 but under section 10 of article 10 of the constitution, which applies only to county officers. The provision is different from that in section 11 of article 9, in that the latter is a prohibition with respect to all municipal officers by whatever body their salary or compensation may be fixed, while section 10 of article 10 has sole reference to the *compensation* of county officers. When we take into consideration that section 11 of article 9 has been construed to apply to officers not mentioned in section 10 of article 10, it becomes apparent that a decision construing section 10 of article 10 is not controlling authority in applying section 11 of article 9, and we do not so regard it in this case.

Appellants make the claim that the appellee did not have such an interest as would justify equitable relief. It appears that he was a resident and general taxpayer and hence contributed, though in a small degree, to the illegal salary. In the cases of *Knopf* v. *First Nat. Bank,* 173 Ill. 331, and *Green* v. *Mail,* 362 id. 518, similar suits by tax-

payers were sustained. In *Price* v. *City of Mattoon,* 364 Ill. 512, cited by appellants, the plaintiff had no such interest, because the expenditure involved was for the payments on water revenue bonds which were not payable out of taxes but out of the revenues of the water company. The case of *Dudick* v. *Baumann,* 349 Ill. 46, was one brought by a person to enjoin the collection of a special assessment in which the plaintiff was not interested. It is apparent these cases have no application to a general taxpayer.

In the case cited by appellants, on the question of *laches,* suit was not brought until after thirty-four years had elapsed. In this case the ordinance was adopted in August, 1937, and a suit started a little over a year and one-half afterwards. In order for *laches* to bar a suit, the delay must be such that, taken with other circumstances, it has caused prejudice to the opposite party. (*Green* v. *Mail, supra.*) No such situation is shown to exist.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*

Mr. JUSTICE FARTHING, dissenting:

I cannot agree with the majority of the court in this case. In *Purcell* v. *Parks,* 82 Ill. 346, the identical question was presented that is present in the instant case, namely, does the creation of a salary where none has heretofore been paid contravene the constitution of our State and amount to an increase in salary during the term of the officer who is affected? That case was not limited to section 10 of article 10 of the constitution, which is identical in substance to section 11 of article 9 so far as the prohibition it contains is concerned. One deals with county officers; the other with municipal officers, but the restriction is identical. In that decision, this court said: "By the constitution of this State, adopted in 1870, it is provided that 'the fees, salary or compensation of no municipal officer, who is elected or appointed for any definite term of office

shall be increased or diminished during such term' (Section 11, article 9)."

How could a village board of trustees in a newly organized village fix its salaries or compensation for attendance at meetings of the board without creating either a salary or compensation for the trustees? This is in no sense an increase in salary during the term of office. It was held in the *Purcell case, supra,* that the creation of a salary was not an increase in salary and we should not depart from established law without reason for doing so. The argument that an outgoing city or village council could raid the treasury is not well founded because the 1935 enactment of the legislature limits the salary that can be paid as does the act with reference to the commission form of government in cities.