RUSSELL DeSUTTER *et al.*, Plaintiffs-Appellees, *v.* THE SOUTH MOLINE TOWNSHIP BOARD *et al.*, Defendants-Appellants.

Third District    No. 81-612

Opinion filed June 18, 1982.

HEIPLE, J., dissenting.

Stuart R. Lefstein, of Katz, McAndrews, Durkee, Balch & Lefstein, of Rock Island, and Tom M. Lytton, of East Moline, for appellants.

Franklin S. Wallace, of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellees.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiff taxpayers filed a suit in the circuit court of Rock Island County challenging the right of South Moline Township to pay lump sum expenses to certain officials of South Moline Township. The case was heard on a stipulation of facts in a nonjury trial. The trial court found the allowance to be unconstitutional, and the individual defendants were ordered to make reimbursement for allowances received in excess of actual expenditures, and this appeal ensued.

The scenario of events which must be considered by this court are set forth in the stipulation of facts, the pertinent part of which provides as follows:

"3. Defendants are the South Moline Township Board of Trustees and its Supervisor, Clerk and Road Commissioner.

4. On March 1, 1977, the South Moline Township Board of Trustees, at a regularly called board meeting, set salary and expense allowances to become effective upon the election of the next board. The pertinent salary and expense allowances were set as follows: Supervisor was to receive $12,500.00 a year and $1,000.00 as District Road Treasurer a year salary and an expense account of $200.00 per month; the Clerk was to receive $4,200.00 a year salary

and an expense account of $80.00 per month; the Road Commissioner was to receive $13,000.00 a year salary and an expense account of $100.00 per month.

5. Elections for a new Township Board and Officers were held on April 5, 1977.

6. The new board and officers were sworn in on April 25, 1977.

7. The newly elected officers were: Supervisor, Larry Burns; Clerk, Virginia Ryan; and Road Commissioner, Lester Vande Heyden, who was succeeded upon retirement by John Bernard on April 18, 1978.

8. On April 11, 1978, at the South Moline Township Town Meeting, a motion was made and carried that all travel expenses be itemized and reimbursed at the rate of $.17 per mile.

9. On April 18, 1978, at the regularly called meeting of the South Moline Township Board, a motion was made and passed that said expenses be turned in every two weeks with payment of expenses once a month.

10. On October 16, 1979, at the regularly called meeting of the South Moline Township Board, a motion was made and carried that the lump sum allowances be reinstated for Supervisor, Town Clerk, Assessor and the Road Commissioner."

We deem the pleadings filed in this case to be significant in that the amended complaint of the plaintiff, the answer filed in the same and an undenied affirmative defense all proceeded and were predicated upon the assumption that the so-called expense allowances were to be paid and in fact were paid regardless of whether or not expenses were actually incurred. The affirmative defense recited that the additional money received by the township officials was "intended * * * to be an increase in compensation." The amended complaint stated that the "flat rate" expense accounts amounted to a raising of salaries. The pleadings clearly establish that the township board's resolution of March 1, 1977, was intended to increase the compensation of the township officers. The trial court in its memorandum opinion found that the additional money awarded to the town officers and entitled "lump sum expense allowances" were in fact an increase in compensation.

Agreeing with the parties in this case and the trial court we are presented with the narrow issue as to whether the raise in compensation provided for on March 1, 1977, by the township board of trustees is violative of our State Constitution of 1970.

In addressing the issue we first note that on or before the last Tuesday of March immediately preceding the election of township officers, the board of town auditors shall establish the compensation to be paid each township officer elected at the forthcoming election. (Ill. Rev. Stat. 1975,

ch. 139, par. 126.7.) Our township code provides that the term "town auditors" means and refers to "board of township trustees." (Ill. Rev. Stat. 1975, ch. 139, par. 117.) Though not presented as an issue, these statutory provisions clearly establish that if action is taken in a timely manner the "board of township trustees" is empowered to establish the compensation to be paid to each township officer.

Our State Constitution of 1970, in regard to salaries of elected officers, provides:

> "An increase or decrease in the salary of an elected officer of any unit of local government shall not take effect during the term for which that officer is elected." Ill. Const. 1970, art. VII, sec. 9(b).

Both the statutory and constitutional provisions regarding an increase in compensation were complied with by the "board of township trustees" as to the action taken on March 1, 1977. The action was taken prior to the last Tuesday of March preceding the election of township officers which was held on April 5, 1977, and prior to their installation on April 25, 1977. Regardless of the terminology used, the increased compensation to be received by the township officers constituted "a raising of the salaries" of the elected officials. This in fact was asserted by the plaintiffs in their complaint. The defendants affirmatively pleaded that an increase in compensation was the board's intention, and this pleading was not denied. The plaintiffs classified the board's action as increased salaries and adhered to that position. We agree, but in doing so find that there was no constitutional violation as determined by the trial court.

The trial court held that the attempt to increase compensation under the guise of calling it expenses was an unconstitutional legislative act. In a memorandum opinion the trial judge cites the constitutional provision which provides that neither an increase or decrease in the salary of an elected officer shall take effect during the term for which the officer is elected. (Ill. Const. 1970, art. VII, sec. 9(b).) A reading of the memorandum opinion fails to disclose the trial court's reasoning which compelled his conclusion that a violation had occurred. Surmising that the court was concerned with the abolition of the lump sum allowances in April 1978, and the reinstatement of the same by the board on October 16, 1979, we still fail to find that such actions supported a conclusion that a constitutional violation had occurred. The constitutional provision allegedly violated prevents not only an increase in salaries during an officer's term of office but also prohibits a decrease. The abolition of the lump sum allowances was void and of no effect. The same did not require the board's action reinstating the same on October 16, 1979. The "absolutely void" doctrine was applicable, and the April 1978 efforts to reduce the compensation in question were null and void. (See *Dalton v. City of Moline* (1977), 48 Ill. App. 3d 494, 359 N.E.2d 500; *People ex rel. Northrup*

*v. City of Chicago* (1941), 308 Ill. App. 284, 31 N.E.2d 337.) The latter cited case was decided pursuant to the provisions of our State constitution of 1870 which prohibited an increase or decrease in fees, salary or compensation of a municipal officer during that officer's term of office. Ill. Const. 1870, art. IX, sec. 11.

Lastly, the trial court relied heavily on the case of *Cullom v. Dolloff* (1880), 94 Ill. 330, in determining that the March 1, 1977, resolution only permitted the township officers to be reimbursed for expenses actually incurred. We believe this reliance to be misplaced since the case involved the salary of a county officer who prior to his term of office had his salary established by the county board with the additional grant of $4,500 for *necessary* clerk hire. Our supreme court concluded that the word "necessary" limited the amounts which could be paid to the county officer to the amounts which were actually expended for clerk hire. The defendants in the instant case argue that because the word "necessary" is absent in the March 1, 1977, resolution, the *Cullom* case is inapplicable and with this argument we agree.

For the reasons set forth the judgment of the circuit court of Rock Island County is reversed.

Reversed.

ALLOY, J., concurs.

JUSTICE HEIPLE, dissenting:

This is a taxpayer's suit. Plaintiffs, Illinois citizens of Rock Island County, challenge the authority of the South Moline Township Board, the defendant, to pay its government officers lump-sum expense allowances regardless of the amount of actual expenditures incurred in connection with their official duties. A constitutional question is involved. My colleagues validate the board's power to make such remittances, thereby reversing the trial court. I dissent.

On March 1, 1977, the board determined the following salaries and expense accounts for each of its officers:

| Position | Salary | Expense Account |
|---|---|---|
| 1. Supervisor and Road Treasurer | $12,500 per year 1,000 per year | $200 per month |
| 2. Clerk | 4,200 per year | 80 per month |
| 3. Road Commissioner | 13,000 per year | 100 per month |

Elections were held on April 5, 1977. The new officers were sworn in on April 25, 1977. A year later the board passed two resolutions. The first required its officers to itemize their automobile expenses at $.17 per mile. The second motion authorized payment of such expenses monthly with itemizations to be submitted every two weeks. On October 16, 1979, the lump-sum allowances, without itemization for actual expenses, were reinstated by board resolution.

Plaintiffs contend the payment of lump-sum or flat-rate expenses without an accounting violates the Illinois Constitution of 1970 (Ill. Const. 1970, art. VII, sec. 9(b), which says: "An increase or decrease in the salary of an elected officer of any unit of local government shall not take effect during the term for which that officer is elected." The trial judge concluded the board was merely increasing its officers salaries by means of unaudited expense accounts, thereby violating such provision. The officers were ordered to reimburse the township for those amounts not actually incurred for expenses but allocated by the board to such accounts.

My colleagues conclude the March 1, 1977, board resolution authorizing lump-sum expense accounts was constitutional since the Board intended the accounts to serve as compensation. And, since the allotments for such "compensation" were made prior to their election, no constitutional violation occurred. This reasoning ignores basic business accounting principles, as well as Illinois common law.

An expense is an outlay or disbursement for costs incurred in connection with an employee's trade or business. It is actually incurred when the employee is indebted for its cost from his own individual funds. An expense is not actually incurred unless money is paid by, or credit is extended to, the debtor. A salary, on the other hand, is a fixed amount payable at specified intervals for personal services rendered. An account for expenses is not a salary. Nor is the opposite true. They are separate accounts on any business ledger. If an employee need not account for his expenses, that amount of money allocated to his expenses is nothing more than additional remuneration for his personal services. Otherwise, it is a gift. To conclude differently is merely artifice. The board's March 1, 1977, resolution fixed the officers' salaries and their individual expense accounts. These are separate, identifiable accounts. The resolution says, or intimates, nothing whereby such accounts are to be deemed interchangeable. Nor should we infer such a result as defendant insists we should. To say both accounts are to be deemed compensation reads into the board's resolution something which is not there.

This constitutional proviso does not directly address the salaries or expenses of local government officials. Its concern is the compensation of such an officer. The compensation of such a township officer may or may

not include the expenses of his office. (See *Jennings v. Fayette County* (1881), 97 Ill. 419; 422.) Accordingly, a township board may fix one of its officials' compensation so it will include the expenses of his office as well as the personal services of the officer. (*E.g.,* *Kilgore v. People* (1875), 76 Ill. 548.) The constitution only prohibits compensation from being increased or diminished during the official's term of office. Expenses may be changed from time to time by a county or township board since the necessities of the official's office rarely remain constant. *Briscoe v. Clark County* (1880), 95 Ill. 309, 311-12.

But none of these cases stand for the proposition that expenses which are not actually incurred by a local government officer can be paid as a salary, where no board resolution allowing this exists. Such are not expenses at all. Our Illinois Supreme Court so indicated 80 years ago:

> "If the compensation, including the expenses, is fixed at one sum, the officer is entitled to retain that amount, if it is paid by the fees of his office. If it is fixed in separate sums—one sum for the compensation of the officer and another sum for the expenses—the officer can only retain out of the fees collected a sufficient sum to reimburse him for moneys actually paid out for reasonable and necessary expenses of his office. He may retain the whole compensation, but cannot retain what is either unnecessary for expenses or what is not actually paid out for services rendered." (*Coles County v. Messer* (1901), 195 Ill. 540, 545.)

The board could not pay out sums to township officials for expenses not actually incurred. But it did. When it did, it increased the compensation of each officer above the amount of his or her previously determined salary. The board had no authority to subsidize its officers' salaries in such a fashion. Thus, it ran afoul of the constitutional proscription. Those moneys for expenses not actually incurred merely increased each officer's salary and therein his compensation. If expenses were not actually incurred they should have been returned to the township's treasury. They could not be paid as salaries without increasing each official's salary. Therefore, those amounts which were paid for expenses not incurred by Board officers after they took office must be accounted for and remitted to the township treasury.

For the reasons stated, I would affirm the trial court.