## OPINION TO THE HOUSE OF REPRESENTATIVES.

APRIL 3, 1952.

OPINION TO HOUSE OF REPRESENTATIVES in response to questions relating to effect of home rule amendment.

April 3, 1952

To the Honorable, the House of Representatives
of the State of Rhode Island and
Providence Plantations

We have received from the honorable house of representatives a resolution requesting, in accordance with the provisions of section 2 of article XII of amendments to the constitution of this state, our written opinion upon certain questions of law relating to article XXVIII of the articles of amendment to the constitution of this state, commonly referred to as the home rule amendment. These questions are stated as follows:

"1.   In the light of Article XXVIII of the articles

of amendment to the constitution of the state would it be a valid exercise of the legislative power if the general assembly should provide

"(a) for the tenure of office of any employee, elected or appointed, of any city or town;

"(b) for the fixing of the time of the holding of any town meeting;

"(c) for the fixing of the time of the beginning and the end of the fiscal year of any city or town;

"(d) for the regulation of the use of parking meter devices in any city or town?

"2. Is a law incorporating a city or town enacted before the adoption of Article XXVIII of the articles of amendment to the constitution of the state a 'charter' subject to the provisions of said Article XXVIII?"

The questions thus propounded are not related to any specific act of the general assembly but are quite general. Consequently our answers must of necessity be general. It should be noted at the beginning, however, that questions 1 (a) to 1 (d) inclusive may possibly contemplate different factual situations which would materially affect the answers. First, they may be related to the period *before* the adoption of a so-called home rule charter by the qualified electors of a city or town under said article XXVIII of amendments, and secondly, to the period *after* a home rule charter has been duly adopted thereunder by such electors of a city or town.

Generally speaking, unless a charter is submitted to and is adopted by the qualified electors of a city or town in accordance with the provisions of the home rule amendment, article XXVIII, such city or town retains the same status relative to the general assembly as that which it had prior to the adoption of said amendment. In other words a city or town, being a creature of the general assembly under its act of incorporation, would continue to derive its authority to function from and be subject to the

legislation enacted by the general assembly within its broad legislative powers under the constitution.

On the other hand *after* the qualified electors of a city or town have duly adopted such a home rule charter the relative status of that city or town to the general assembly becomes changed in certain limited respects. For example, in such circumstances the general assembly no longer would have the right to legislate, even by a general act, if it would change the *form* of government under a home rule charter adopted by the qualified electors of such a city or town. But the general assembly would retain its exclusive power to legislate by general or special acts in granting to a city or town authority "to levy, assess and collect taxes or to borrow money * * *." This power is expressly reserved to the general assembly under section 5 of said article XXVIII.

Further, notwithstanding such an adoption of a home rule charter, the general assembly may exercise its power to legislate for cities and towns even in "all local matters," but that must be done (1) by a general act applicable to all cities and towns alike and be subject to the express provision that such general act "shall not affect the form of government of any city or town," article XXVIII, section 4; or (2) by enacting special legislation directed to a particular city or town, subject to the condition that the act shall not become effective until it has been duly approved "by a majority of the qualified electors of the said city or town voting at a general or special election * * *," article XXVIII, section 4. Such an act also would be subject to the further provision that if it involves the imposition of a tax or the expenditure of money by a town, as distinguished from a city, it must be submitted to and be approved by those electors in said town who are qualified to vote upon a proposition to impose a tax or for the expenditure of money.

These observations as to certain limited changes effected by article XXVIII of the amendments and the adoption by a city or town of a home rule charter thereunder will

suffice to reflect generally the reasons for our answers to the questions here propounded.

Question 1 (a) asks if it would be a valid exercise of legislative power if the general assembly should provide "for the tenure of office of any employee, elected or appointed, of any city or town * * *." Ordinarily "tenure of office" is not associated with "any employee" but is reserved to a particular *office* to which there is attached a definite tenure or term for those persons who are elected or appointed thereto. Therefore we interpret the question as referring only to employees who are elected or appointed to such an office and who exercise purely local functions as distinguished, for example; from boards of canvassers and registration and other officers in a like category who are elected or appointed *locally* but who nevertheless exercise a state function rather than a purely municipal function.

As to all employees, even if they exercise purely local functions, the general assembly may validly provide, for tenure of office *before* the qualified electors of a city or town have adopted a so-called home rule charter in accordance with the provisions of article XXVIII of amendments. The reason is that during that period the city or town, as a creature of the general assembly, would continue to be subject to its control so long as the legislative act otherwise conforms to the constitution.

Moreover, *after* a home rule charter has been duly adopted by the qualified electors of a city or town, the general assembly may validly legislate as to tenure of *office* of employees exercising only local functions in either of two ways: (1) by a general act applicable to all cities and towns alike, *provided* that such act "shall not affect the form of government" adopted by the qualified electors of a city or town in its charter under said article of amendment, as expressed in the first part of section 4 thereof; or (2) by a special act directed to a particular city or town but subject nevertheless to the provision that such act shall become effective "only upon approval by a majority

of the qualified electors of the said city or town voting at a general or special election," as provided in the latter part of section 4 of said amendment.

Question 1 (b) asks substantially whether the general assembly may validly exercise its legislative power "for the fixing of the time of the holding of any town meeting." Of course, *prior* to the adoption of a charter under said home rule amendment the general assembly would retain exclusive power to fix such time for holding the town meetings. *After* a home rule charter has been duly adopted by the qualified electors of a city or town the general assembly still may exercise its legislative power validly in fixing the time of the holding of any town meeting by a general act because it does not appear that the fixing of such time would affect the *form* of government of any city or town; or it may do so by special act subject, however, to the qualification that, in order to be effective, it must be duly approved by a majority of the qualified electors of that city or town voting at a general or special election.

Question 1 (c) asks whether the general assembly may validly exercise its legislative power "for the fixing of the time of the beginning and the end of the fiscal year of any city or town." As in question 1 (b) the object to be served by such an exercise of power would not seem to contemplate or to effect a change in the *form* of government of any city or town. Therefore, subject to the same limitations and qualifications as in 1 (b), our answer is that even after adoption of such a home rule charter the general assembly may by general act continue to fix the time of the beginning and the ending of a fiscal year for all cities and towns; or it may do so by special act for a particular city or town provided such act is properly submitted to and approved by the qualified electors of such city or town voting at a general or special election.

Question 1 (d) asks if the general assembly may exercise its legislative power "for the regulation of the use of park-

ing meter devices in any city or town." *Prior* to the adoption of a home rule charter under said amendment the general assembly retains the same exclusive power to legislate in that respect as it always had. *After* the adoption of such a charter by the qualified electors of a city or town in accordance with said home rule amendment, the general assembly still may legislate validly concerning the regulation of parking meters on a highway that is maintained as part of the state highway system. However, where a purely local highway is concerned, the general assembly may legislate validly either by a general act applicable to all cities and towns in accordance with the first part of section 4, since such an act does not affect the *form* of government, or by a special act which cannot become effective in the city or town involved until it has been approved by a majority of the qualified electors thereof in accordance with the last part of section 4 of the amendment.

Question 2 asks whether a law incorporating a city or town, which was enacted *before* the adoption of article XXVIII of the amendments, constitutes "a 'charter' subject to the provisions of said Article XXVIII?" The question is not entirely clear. However, if it is meant to ask whether a legislative enactment incorporating a city or town before the adoption of said article XXVIII of the amendments, which enactment is sometimes referred to as a so-called existing charter, may without more be given the status and effect of a home rule charter in accordance with the provisions of said article XXVIII, then our answer is in the negative. Before a charter can be effective as a home rule charter under article XXVIII of the amendments, it must be referred to and be adopted by the qualified electors of a city or town in accordance with the provisions of that amendment. Once a home rule charter has been duly adopted by the qualified electors of a city or town in accordance with the provisions of article XXVIII of the amendments, it may be amended only as provided in said article.

In order to make the above answers available to the honorable house of representatives in time for their effective consideration, we have not attempted to set out in detail a complete discussion of all phases and implications to be gathered from the various provisions of said article XXVIII of the amendments as they may concern a city or town which has adopted a home rule charter thereunder. However, we have examined the questions and the provisions of the amendment and, after as much consideration as it has been reasonably possible to give to them in the limited time at our disposal, we respectfully submit our answers as above set forth.

> Edmund W. Flynn
> Antonio A. Capotosto
> Hugh B. Baker
> Francis B. Condon
> Jeremiah E. O'Connell