354 A.2d 415.

CITY OF CRANSTON *vs.* JOHN J. HALL *et al.*

MARCH 23, 1976.

PRESENT: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

JOSLIN, J. The petitioner in this certiorari proceeding is the city of Cranston (the "city"); one respondent is Local 1363, International Association of Fire Fighters, AFL-CIO (the "union"), an unincorporated association and labor organization which is the bargaining agent for the city fire fighters; the other respondents are three named individuals who are joined in their capacities as the members of an arbitration board (the "board") convened under the Fire Fighters' Arbitration Act, G. L. 1956 (1968 Reenactment) chapter 9.1 of title 28 (the "Fire Fighters' Act"). The litigation centers on the validity of the board's resolution of an issue on which negotiations at the bargaining table had come to an impasse.

Early in 1975, the union and the city began collective bargaining in anticipation of reaching a new agreement to replace the one due to expire on June 30, 1975. Despite extensive negotiations, the parties could not agree on several issues, the only pertinent one being the promotion procedures for high ranking officers of the fire department. With respect to that issue, the city's proposal was to retain the existing procedures which conformed to sec. 14.08 of the city charter. That section provides that vacancies in certain high ranking positions in the fire department be filled by selecting a candidate from among the three rated highest on a competitive examination. This proposal was unacceptable to the union, and its counterproposal was that the existing procedure be modified to provide for the selection of the candidate receiving the highest rating on the examination. The city rejected that suggestion, a principal reason being that it conflicted with sec. 14.08. Neither party would yield, and the unresolved issue was submitted to arbitration, an arbitration board was appointed, and hearings were held, all as provided for in §§28-9.1-7; 28-9.1-8, as amended by P. L. 1968, ch. 150, §1; and 28-9.1-9, as amended by P. L. 1968, ch. 150,

§2. In due course, the board, in a 2-1 decision, decided that the agreement between the parties should be modified to conform to the union's proposal, and thereafter the city filed this petition seeking a review of that decision.

At the outset the city appears to argue that how a fire fighter shall be promoted is not a bargainable issue but is instead a management prerogative. A brief reference to §§28-9.1-2 and 28-9.1-4 of the Fire Fighters' Act will suffice to dispose of that contention. Those sections clearly recognize that fire fighters, although not entitled to strike or to engage in any work stoppages or slowdowns, should not be denied such other well-recognized rights of labor as those of organizing, of being represented by a labor union of their choice, and of bargaining collectively with their employers concerning "* * * wages, rates of pay, hours, working conditions and all other terms and conditions of employment." Section 28-9.1-4. Construing substantially identical language in the School Teachers' Arbitration Act, chapter 9.3 of title 28, we held that one of the issues on which the school teachers might bargain collectively was promotion procedures. *Belanger* v. *Matteson*, 115 R. I. 332, 352-54, 346 A.2d 124, 136-37 (1975). We perceive no sound reason, nor has any been suggested, why the Fire Fighters' Act should be construed differently.

More central to the city's position, however, is its contention that the charter—including the provision regulating promotion procedures—has the force and effect of a legislative enactment; that sec. 14.08 should govern promotions in the fire department unless and until amended in accordance with art. XXVIII of amendments to the State Constitution, the so-called home rule amendment; and that the board exceeded its jurisdiction by decreeing that the new collective bargaining agreement between the parties include a provision antagonistic to the charter.

The conflict, then, is between the charter, which pre-

scribes a particularized method for making promotions, and the Fire Fighters' Act, which makes promotion procedures a bargainable issue in a labor dispute. To resolve that conflict we look initially to the home rule amendment, which grants to the people of our several cities and towns the right of self-government in all local matters and endows each of our municipalities with the power "* * * to adopt a charter, amend its charter, enact and amend local laws relating to its property, affairs and government * * *" not inconsistent with the State Constitution and the laws enacted by the General Assembly in conformity with its reserved powers. Notwithstanding their broad sweep, nothing in those grants has an inhibiting effect on the General Assembly's overriding power to legislate even on local matters as long as it does so in a general act applicable to all cities and towns alike and does not affect the form of government of any city or town. *Marro* v. *General Treasurer*, 108 R. I. 192, 195, 273 A.2d 660, 662 (1971); *Opinion to the House of Representatives*, 79 R. I. 277, 281, 87 A.2d 693, 696 (1952).

When we test the Fire Fighters' Act by those standards, we find that it makes a collective bargaining procedure available to designated fire fighters of any city or town. That fire fighters in some locations may elect not to bargain about a particular item or that collective bargaining agreements may vary from one municipality to another does not make the legislation special rather than general in nature. The critical fact is that the enabling legislation applies equally to all cities and towns and is, therefore, an act of general application that supersedes a controverting home rule charter provision. Consequently, the board did not exceed its jurisdiction in authorizing procedures at variance with those specified in the charter.

Finally, the city challenges the board's decision on the

ground that it is conclusional, rather than factual, and states only that

"* * * *the efficiency of the department and the morale of the employees* will be best served by a provision which requires the promotion of the top man on the certified list." (Emphasis added.)

Here the city is on sound ground inasmuch as the decision does not point to the evidence relied upon by the board to justify its conclusion that the department efficiency and employee morale will best be served by promoting the top man from the list. True, the union's counsel has called to our attention segments of the record which assertedly are supportive of that conclusion, but for us to substitute counsel's rationalization for a proper performance by the board of its duty is incompatible with the orderly function of the judicial review process. *NLRB* v. *Metropolitan Life Ins. Co.,* 380 U. S. 438, 443-44, 85 S.Ct. 1061, 1064, 13 L.Ed.2d 951, 955 (1965). In short, "* * * a decision, at least where the evidence is conflicting. must be factual as well as conclusional, must contain a statement of the reasons and grounds upon which it is predicated, and must point out the evidence upon which the ultimate findings rest." *Hooper* v. *Goldstein,* 104 R. I. 32. 45, 241 A.2d 809, 816 (1968). Because the decision in this case is lacking in those essential ingredients, the case must be remanded to the board for a decisional demonstration of the evidence supporting its conclusion that department efficiency and employee morale will be improved by modifying the promotion procedures in the manner proposed. In its further proceedings, the board may confine itself to the existing record or may at its option take additional testimony.

The petition for certiorari is granted. The record certified is remanded to the board with direction that it clarify and complete its decision in accordance with this opinion

and, if applicable, in compliance with the timetables established in §28-9.1-9, as amended by P. L. 1968, ch. 150, §2. Jurisdiction is retained in this court to review any decision that may subsequently be entered, and it may be invoked by either party within 30 days after it receives a copy of the board's revised decision.

*Peter Palombo, Jr.,* City Solicitor, for petitioner.

*Hogan & Hogan, Thomas S. Hogan,* for respondents.