THOMAS DALTON *et al.*, Plaintiffs-Appellees, *v.* EARL L. WENDT, Defendant-Appellant.

Third District   No. 77-462

Opinion filed February 7, 1978.

William Dailey, of Califf, Harper, Fox & Dailey, of Moline, for appellant.

Thomas A. Blade, of Moline, for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Earl L. Wendt appeals from an order entered in the Circuit Court of Rock Island County, which order directed defendant to pay to the City of Moline, the sum of $6,500, which defendant had received as compensation for services as liquor control commissioner. On appeal to this court, defendant contends that the circuit court improperly ordered repayment of the sum for the reason that the amount was paid voluntarily under a "mistake of law" by the City of Moline.

Defendant Earl L. Wendt commenced service as the mayor of the City of Moline on May 1, 1973. He was, also, by virtue of his office and a municipal ordinance enacted in Moline, the liquor control commissioner of the City of Moline. At the inception of defendant's term as mayor, a yearly salary was provided for the office of mayor, but no separate salary existed for duties as liquor control commissioner. During the term of

defendant as mayor, the Moline city council adopted a resolution establishing a salary for defendant as liquor control commissioner for Moline. As a consequence, defendant then began receiving two salaries, one as mayor of Moline and the other as liquor control commissioner of Moline.

On November 26, 1975, plaintiffs commenced the instant action, seeking to stop the payment of the liquor control commissioner's salary, on the ground that such payment impermissibly increased the salary of an elected official during the term for which the officer was elected. The circuit court dismissed such complaint of plaintiffs, but on review in this court, this court determined that the complaint stated a cause of action (*Dalton v. City of Moline* (3d Dist. 1977), 48 Ill. App. 3d 494, 359 N.E.2d 500). On remand, the circuit court entered a summary judgment in favor of plaintiffs. The circuit court of Rock Island County found that the payments made to defendant in compensation for his services as liquor control commissioner were unlawful and null and void. Defendant was accordingly ordered to pay the City of Moline, the sum of $6,500, which defendant had received as salary as liquor control commissioner.

The sole issue presented for review on this appeal is the propriety of the order of the circuit court requiring that defendant repay the sums which he had received as salary as liquor control commissioner of the City of Moline. Defendant Wendt does not argue on appeal that the circuit court erred in determining that the liquor control commissioner salary payments were illegal, but argues that the salary payments were voluntarily made by the City of Moline, under a "mistake of law" and cannot now be recovered from him by the City of Moline. The principle which the defendant seeks to invoke is expressed in the Illinois Supreme Court case of *Groves v. Farmers State Bank* (1937), 368 Ill. 35, 47, 12 N.E.2d 618:

> "Money voluntarily paid under a claim of right to the payment, with full knowledge of all the facts by the person making the payment, and without fraud or mistake of fact, cannot be recovered back upon the ground that the claim was illegal unless the payment was made under circumstances amounting to compulsion. (*Illinois Glass Co. v. Chicago Telephone Co.*, 234 Ill. 535; *City of Chicago v. McGovern*, 226 id. 403; *People v. Foster*, 133 id. 496.)"

■■ We are aware, also, that this rule applies to municipal corporations as well as to individuals. *Ohio National Life Insurance Co. v. Board of Education* (1944), 387 Ill. 159, 179, 55 N.E.2d 163, *cert. denied* (1944), 323 U.S. 796, 89 L. Ed. 548, 65 S. Ct. 439.

An early case applying this principle to municipal corporations, *People v. Foster* (1890), 133 Ill. 496, 23 N.E. 615, involved the claim by a sheriff in

his quarterly reports showing fees collected and allowances to be less than the sheriff's compensation for the period covered in the reports, and the payment (pursuant to the sheriff's demand) of the difference by the county board. When the timeliness of the sheriff's reports were later questioned, the Illinois Supreme Court concluded (133 Ill. 496, 510-11):

"Where the county board, acting within the general scope of its authority, and with knowledge of the facts, settles with the officer, who is guilty of no fraud, concealment or misrepresentation of fact inducing the action of the board, and pays from the county treasury the amount found due to him upon auditing and examining the officer's reports, it is to be treated as a voluntary payment of money, and will fall within the principle announced, and no action will lie against the sureties upon the officer's bond to recover the same back. [Citations.]"

■■ We note, however, that the court in the *Foster* case quickly added (133 Ill. 496, 511):

"The county board is expressly prohibited from increasing the compensation of the officer in any way during his term, and if they should do so, the act will be unauthorized and absolutely void. [Citations.] Here, however, that was not attempted to be done. Whatever they paid him was as part of his compensation previously fixed, as provided by law, and for expenses of his office allowed by the board."

In the instant case, the resolution of the Moline city council clearly attempted to increase the mayor's compensation during his term, and was, therefore, unauthorized and absolutely void. The void resolution could not establish a basis to any claim of right in defendant to payment of the liquor control commissioner salary. We pointed out in *Dalton v. City of Moline* (3d Dist. 1977), 48 Ill. App. 3d 494, 359 N.E.2d 500, that a separate salary for liquor control commissioner, as provided by the subsequently enacted ordinance in the City of Moline, would violate constitutional prohibition against increasing salaries for elected officials during the term for which they are elected. We will not repeat, in detail, the analysis in the prior case involving the issue before us, but we should observe that the object of the constitutional provision prohibiting increase or decrease of salary of an elected official of a unit of local government, during the term for which the officer is elected, is a matter of State concern and that the application of that section to this case could not be avoided even by use of city home-rule powers. We conclude, from the record and on the basis of our observations in the prior case and in the instant case, that the subject salary payments based on service as liquor control commissioner were not paid voluntarily under a claim of right to the payment, but, as a matter of fact, such payments were unauthorized

862

and absolutely void. We, therefore, determine that the circuit court of Rock Island County properly ordered defendant to repay to the City of Moline the amount of money received by defendant for services as liquor control commissioner in the sum of $6,500.

For the reasons stated, therefore, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

BARRY, P. J., and STOUDER, J., concur.