[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
These two consolidated civil actions seek a declaratory judgment of this Court deciding whether or not certain pay increases, voted by the Cranston City Council and deemed approved by the Mayor, were the products of conflicts of interest, prohibited by Gen. Laws 1956 § 36-14-4(d), in effect on the date the pay raises were approved and took effect.[1] The plaintiffs claim that they conformed to the requirements of the Home Rule Charter of the City of Cranston, that § 36-14-4(d) did not supercede the charter provisions and that, even if it did, they did not violate that section. The defendant contends that the conflict of interest act (Chapter 14 of Title 36 of the General Laws) applied irrespective of any inconsistency between the act and the charter and that the actions of the plaintiffs violated the act. The cases have been submitted for decision upon agreed statements of facts.
On December 20, 1982 the Cranston City Council voted to raise the pay of its president and members and the mayor during their respective forthcoming terms commencing in January 1983. The November 1982 elections in the City of Cranston resulted in the re-election of 5 incumbent members of the City Council, all of whom voted for the salary increase. The mayor was also a re-elected incumbent. He approved the pay raise for the members of the City Council, but neither approved nor disapproved his own salary increase. His failure to approve or disapprove the ordinance increasing his salary is deemed to constitute an approval by Section 3.14 of the Cranston City Charter.
The council members argue that their actions conform to the charter because they did not increase their pay during the term for which they were elected. It is true that the ordinances do refer to their pay for their respective new terms beginning in January 1983. They say that, even if they did use their office to obtain financial gain, which they unquestionably did, they did so in a manner specifically provided by law. They refer to the charter provisions which specify that the salary of council members may be fixed by the council so long as compensation is not increased or decreased during the term for which they were elected. Accordingly, they argue that § 36-14-4(d) expressly excepts such a use of public office for personal financial gain.
The defendants contend that § 36-14-4(d) was part of a general act applicable to all cities and towns alike and did not affect the form of government of any city or town. Thus, it overrode any inconsistent provision in any Home Rule Charter.City of Cranston v. Hall, 116 R.I. 183, 186, 354 A.2d 415, 417 (1976). That being the case, the language "other than that provided by law" in § 36-14-4(d) referred to other law of equal or superior application to that of the section.
The Cranston Charter requires that the salaries of the mayor and members of the council be fixed by ordinance. The charter also requires that the mayor either approve or disapprove each ordinance adopted by the council, and if he elects to do neither he will be deemed to have approved the ordinance. It prohibits their compensation from being increased or decreased during their respective terms of office. The charter does not expressly provide that no other limitations may be imposed on the fixing of salaries, nor on the qualifications of members of the council to vote on salaries and the mayor to approve salaries.
The charter forbids the council to raise its members' pay and that of the mayor during their respective terms obviously to avoid a conflict of interest and to avoid influencing an elected official in the performance of his or her duty by the power to affect his or her salary. See, New York Public Interest ResearchGroup, Inc. v. Steingut, 386 N.Y.S.2d 646, 650, 40 N.Y.2d 250,, 353 N.E.2d 558, (1976) and Tisdel v. Board of CountyCommissioners, 621 P.2d 1357 (Colo. 1980). There is nothing in the charter which limits the ethical constraints on the members of the council and the mayor to those expressed in the charter.
If the charter were to permit public officials in effect to vote themselves a pay raise after they have been re-elected but before they have begun their new term, the charter would permit a blatant, obvious, however unintended, conflict of interest. The members of the council and the mayor knew in December 1982 that all they needed to do to collect the fruits of their own largesse was to live to January 1983 and not refuse to be sworn into office. The absence of the mayor's signature on the ordinance raising his pay bears silent witness to his own doubt, at least, of the ethical propriety of his acceptance of his own raise. He cannot, however, escape the knowledge that his failure to approve or disapprove was deemed by the charter to be approval.
In view of the adoption by the people of the State of Article III, Section 8 of the Constitution of the State of Rhode Island and Providence Plantations, and the implementation of that provision by the General Assembly in P.L. 1987, ch. 195, the issues raised by this controversy no longer have any vitality. There can no longer be any question that local regulations, including both home rule or legislative charters as well as ordinances adopted pursuant to such charters, are superceded by the Rhode Island Code of Ethics, which now enjoys an express constitutional mandate.
The Court has read all the cases cited by very able counsel for the plaintiffs and finds that none of them assist them.
In Schanke v. Mendon, 250 Iowa 303, 93 N.W.2d 749 (1958) the salary of the mayor of Mason City was raised by ordinance in 1957 after his re-election and before his new term began in 1958. An Iowa statute provided that the emoluments of any city officer could not be changed during the term for which he had been elected. The court said:
 "As a moral proposition it may be true the salary should be fixed with reference to the office rather than to the officer. But if the legislature has left a gap in the public defenses against violation of this principle, the courts have no right to fill it by judicial legislation. If the breach is to be closed, it must be done by the lawmaking body." Id. 93 N.W.2d, at 753.
In this State any such breach, to the extent there ever was any, has been closed, locked, sealed and barred by the enactment of Chapter 14 of Title 36.
Cannon v. Taylor, 87 Nev. 285, 486 P.2d 493 (1971), modified, 88 Nev. 89, 493 P.2d 1313 (1972) and Delton v. Wendt,
14 Ill. Dec. 524, 56 Ill. App.3d 859, 372 N.E.2d 720 (1978) did not reach the issue of whether or not re-elected officials could act on their salaries during the interim between their re-election to and re-installation in office. Savage v. City ofAtlanta, 242 Ga. 671, 251 S.E.2d 268 (1978) has reference to a scheme of local government unknown to the cities and towns of this State. Likewise, in Tupy v. Oremus, 105 Ill. App.3d 932,435 N.E.2d 197 (1982) the decision of the court was concerned with the question of when an official's term of office began and not whether he could properly act to increase his salary after re-election but before the new term began.
Consumers Education and Protective Association v. Schwartz,495 Pa. 10, 432 A.2d 173 (1981) affords the plaintiffs no comfort. In that case eight re-elected members of the Philadelphia City Council voted themselves and other elected officials substantial pay raises between their election in November 1979 and the commencement of the next official term in January 1980 to which the raises applied. A statute in Pennsylvania prohibited any increase in the salary of elected municipal officers after their election. The city's home rule charter, on the other hand, provided that salaries of members of the council could be fixed by the council from time to time and that the salaries fixed by the charter for the mayor and other officials would remain in force until the council otherwise ordained. The court there held that the statute and the charter were not inconsistent. Pointing to the important public policy and common law basis for the statute, the court held that the statute added a requisite for a particular subject treated generally in the charter. The action of the council was declared null and void. This case supports the proposition that the conflict of interest law through § 36-14-4(d) adds a requisite to the qualification of an elected official to set salaries generally under the Cranston Home Rule Charter.
Accordingly, judgment will enter that:
1. No provision of the Cranston City Charter permits any public official of the City of Cranston to violate any provision of Chapter 14 of Title 36 of the General Laws.
2. The defendant correctly construed G.L. 1956 § 36-14-4(d) to prohibit a member of a city council, who had been re-elected to the council, to vote on a salary increase for the next ensuing term during the interim between the election and the commencement of the next term.
3. The defendant correctly construed said section to prohibit a mayor, who had been re-elected to office, to approve, or otherwise act in a manner resulting in approval of an ordinance increasing his salary for the next ensuing term of office during the interim between the election and the commencement of the next term.
4. Ordinances numbered 82-90 and 82-91 of the City of Cranston, purporting to increase the salaries of the president and members of the City Council and of the mayor are void and of no effect, because they were adopted and approved in violation of G.L. 1956 (1969 Reenactment) § 36-14-4(d).
5. It was a violation of G.L. 1956 § 36-14-4(d) for the plaintiffs to have acted favorably to increase their salaries for the terms to which they had been elected but which had not yet commenced.
[1] Section 36-14-4(d) of the General Laws, as it was in effect at all material times prior to bringing of these lawsuits, was repealed by P.L. 1987, ch. 195 § 1 on June 25, 1987. Section 3 of P.L. 1987, ch. 195, re-enacted § 36-14-4(d) verbatim as G.L. 1956 § 36-14-5(d). Furthermore, Section 6 of P.L. 1987, ch. 195 preserved the applicability of provisions of former versions of the act to matters pending before the courts on the effective date of the repealer. The issues raised are clearly not moot.