**PROVIDENCE LODGE NO. 3, FRATERNAL ORDER OF POLICE**

v.

**The CITY OF PROVIDENCE.**

**The City of Providence**

v.

**Providence Lodge No. 3, Fraternal Order of Police.**

**The City of Providence**

v.

**Providence Firefighters, Local 799.**

Nos. 98–242–Appeal, 98–196– M.P. and 98–235–M.P.

Supreme Court of Rhode Island.

May 19, 1999.

Lauren E. Jones, Joseph J. Rodio, Providence, for Providence Lodge No. 3, Fraternal Order of Police and for Providence Firefighters, Local 799.

Jeffry W. Kasle, Charles R. Mansolillo, Providence, for City of Providence.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

These consolidated cases come before us pursuant to an order directing the parties to show cause why the issues raised should not be summarily decided. After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. The issues will be decided at this time.

The city appeals from confirmation by the Superior Court of an interest arbitration award made by a panel selected by the parties to arbitrate contract proposals set forth by Providence Lodge No. 3 Fraternal Order of Police (FOP) and has filed a petition for certiorari to review an award by that panel and by a different panel in the case of the Firefighters' Union Local 799 contract dispute. Both panels, pursuant to the Municipal Police Arbitration Act (MPAA) and the Fire Fighters Arbitration Act (FFAA) awarded cost of living adjustments to members of their respective unions in excess of those proposed by the city.

The FOP panel awarded a 5 percent compounded cost of living adjustment (COLA) in accordance with a previous agreement for the period 1989–91. This award purported to cover the contract period from 1995 to 1996. The city and the union had been unable to reach agreement on that contract. A panel selected by the city and by the firefighters union adopted a COLA of 6 percent for the members of its union.

In both instances, the city filed petitions for writ of certiorari which were granted by this Court. The only issues raised in regard to both arbitration awards are the provisions in relation to the COLA. In both instances the city proposed a 3 percent COLA (not compounded).

■ An additional issue arises out of the confirmation of the police award by a justice of the Superior Court. The city appeals from this award, challenging the jurisdiction of the Superior Court to confirm such an award in the light of G.L.1956 § 28–9.1–15 as amended in 1988, which declares the sole avenue of review of a decision of an arbitration panel under chapter 9.1 of title 28 (Fire Fighters Arbitration Act) and chapter 9.2 of title 28 (Municipal Police Arbitration Act) to be by petition for writ of certiorari to the Supreme Court. We are of the opinion that this unequivocal language deprives the Superior Court of jurisdiction to confirm or vacate such an award and supersedes our decision in *Rhode Island State Police Lodge No. 25 v. State*, 485 A.2d 1245 (R.I. 1984). Consequently, the city's appeal on this issue must be sustained.

■ In respect to the merits of the review by certiorari, an examination of each award discloses that the panel in each case did not exercise its independent judgment relating to the ability of the city to pay a COLA other than that proposed by the

city which was in the amount of 3 percent, but seemed to hold matters in status quo based upon a consent decree entered in December 1991 which is currently the subject of pending litigation.[1] This consent decree was entered after a decision by the retirement board of the city of Providence to increase COLA's for all employees and a confirmation of that decision by a justice of the Superior Court. Following the consent decree this Court issued a decision in the case of *Betz v. Paolino*, 605 A.2d 837, 839–40 (R.I.1992), stating that the city council alone has the authority to amend pension benefits under the retirement provision of the city charter. Consistent with that opinion, we conclude that as a matter of law, the 1991 consent decree would not indefinitely inhibit either the city council or an interest arbitration panel from modifying the COLA prospectively.

■ Subsequent to our decision in *Betz*, the city council amended its retirement ordinance to provide for a 3 percent COLA (not compounded). This ordinance enacted in 1994 was effective at least prospectively in modifying the COLAs set by agreement in the 1991 consent decree.[2] Since the city council has the right by ordinance to amend the COLA, we believe that an interest arbitration panel would have the power to determine what an appropriate COLA should be for the 1995–96 contract year. *Fraternal Order of Police Westerly Lodge No. 10 v. Town of Westerly*, 659 A.2d 1104, 1106 (R.I.1995) (interest arbitrators for the parties can do anything that the parties could have agreed to do). In the instant case, the interest arbitrators

erred by failing to exercise independent judgment relating to the ability of the city to pay a COLA other than that proposed by the city.

■ Finally, respondents challenge the city's contention that a city ordinance[3] which is specifically authorized by its charter has the same limiting effect on an interest panel which we held the state statute, namely G.L.1956 § 45–21–52, to have in the case of *Town of Barrington v. International Brotherhood of Police Officers, Local No. 351*, 621 A.2d 716 (R.I.1993). We conclude that ordinances adopted pursuant to the charter provision do not have the same limiting effect as state statutes on an interest panel and supersede neither the FFAA nor the MPAA.

In *City of Cranston v. Hall*, 116 R.I. 183, 185–86, 354 A.2d 415, 417 (1976), the city contended that its charter—including a provision regulating promotion procedures—had the force and effect of a legislative enactment, and that the board exceeded its jurisdiction by decreeing that a new collective bargaining agreement between the parties include a provision in contravention to the charter. The conflict was between the charter, which prescribed a particular promotion method and the Fire Fighters Act, which made promotion procedures a bargainable issue. *Id.* In resolving the conflict we looked to the home rule amendment which "grant[ed] to the people of our several cities and towns the right of self-government in all local

---

1. For instance, the panel stated that it was "loath to change the City's COLA contribution while litigation concerning the City's right to unilaterally change the COLA contribution to conform with City Council Ordinances is on-going. * * * The Panel believes that keeping the terms of the Collective Bargaining Agreement status quo will at least serve to not further muddy the waters of what appears already to be a rather murky legal dispute."

2. The validity of this ordinance has been the subject of litigation, a portion of which is still pending.

3. The charter provision pursuant to which the city enacted the ordinances is § 401(a) which provides in pertinent part that the powers of the city council shall include the power "[t]o enact such ordinances as the city council may consider necessary to insure the welfare and good order of the city * * *." Providence, R.I., Home Rule Charter art. IV, § 401(a) (1980).

matters and endow[ed] municipalities with the power * * * to adopt a charter, amend its charter, enact and amend local laws relating to its property, affairs and government * * * not inconsistent with the State Constitution and the laws enacted by the General Assembly * * *." *Id.* at 186, 354 A.2d at 417. We concluded that "[n]otwithstanding their broad sweep, nothing in those grants has an inhibiting effect on the General Assembly's overriding power to legislate even on local matters as long as it does so in a general act applicable to all cities and towns alike and does not affect the form of government of any city or town." *Id.; see also Town of Lincoln v. Lincoln Lodge No. 22,* 660 A.2d 710, 719 (R.I.1995); *Marro v. General Treasurer of Cranston,* 108 R.I. 192, 195, 273 A.2d 660, 662 (1971); *Opinion to the House of Representatives,* 79 R.I. 277, 281, 87 A.2d 693, 696 (1952). Further, the fact "that collective bargaining agreements may vary from one municipality to another does not make the legislation [Fire Fighters' Act] special rather than general in nature. * * *[T]he enabling legislation applies equally to all cities and towns and is, therefore, an act of general application that supersedes a controverting home rule charter provision." *City of Cranston,* 116 R.I. at 186, 354 A.2d at 417.

Applying those standards to the FFAA and MPAA, we conclude that these acts make available interest arbitration procedures to designated fire fighters and police officers of any city or town. Consequently, the FFAA and MPAA are acts of general application that would supersede an inconsistent home rule charter provision. The interest arbitration panels would not exceed their jurisdiction in authorizing COLAs at variance with the 3 percent COLA specified in the city's proposal and also set forth in the 1994 ordinance.

Since the panels did not exercise their independent judgment on the question of what an appropriate COLA should be for the 1995–96 contract year, the petitions for certiorari are granted and the COLA pro-

visions awarded by each panel are hereby quashed and the question is remanded to each panel to exercise its independent judgment relating to the ability of the city to pay a COLA other than the proposed 3 percent COLA submitted by the city. In exercising its judgment on this issue, each panel should take into account the city's other obligations to fund its various services necessary to overall governance in light of its available resources. Either party who may be aggrieved by a panel's award may seek review in this Court by petition for certiorari.

The city's appeal from the judgment of the Superior Court confirming the arbitration award to Lodge No. 3 FOP is sustained for want of jurisdiction and the judgment is vacated.

The papers in the case may be remanded to each arbitration panel with our decision endorsed thereon.