(No. 69305.-)

BEN HARLAN, Treasurer of Jefferson County, *et al.*, Appellants, v. ROGER SWEET, Director of Revenue, *et al.*, Appellees.

*Opinion filed November 30, 1990.*

Thomas W. Kelty, John M. Myers and Robert V. Shuff, of Pfeifer & Kelty, P.C., of Springfield, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Rosalyn B. Kaplan, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE RYAN delivered the opinion of the court:

Plaintiffs, Ben Harlan, Treasurer of Jefferson County, Illinois, and 60 other treasurers of various Illinois counties, appeal the ruling of the circuit court of Sangamon County, which granted defendants' motion for summary judgment. The circuit court held that the Illinois Constitution prohibits payment of the annual stipend created by Public Act 84—1432, effective December 3, 1986 (the Act) (Ill. Rev. Stat. 1987, ch. 36, par. 4.6). This court granted plaintiffs' motion for direct appeal (107 Ill. 2d R. 302(b)). We affirm.

The Act provides as follows:

"§4.6. In addition to all other compensation provided by law, every elected county treasurer, for additional duties mandated by State law, shall receive an annual sti-

pend of $3,500, to be annually appropriated from the General Revenue Fund by the General Assembly to the Department of Revenue which shall distribute the awards in annual lump sum payments to every elected county treasurer.

This Section does not apply to any county which is a home rule unit." (Ill. Rev. Stat. 1987, ch. 36, par. 4.6.)

The Act further provided that it would take effect July 1, 1986. Following legislative override of Governor Thompson's veto, the Act ultimately became effective December 3, 1986. The terms of office of the plaintiffs commenced December 1, 1986. The legislature has appropriated funds pursuant to the Act. Defendants, however, have refused to make payments as the Act provides, claiming that it violates section 9(b) of article VII of the Illinois Constitution.

On March 22, 1989, plaintiffs filed a complaint, styled as a class action, in the circuit court of Jefferson County, seeking an order from that court declaring that they are entitled to the funds that the legislature has appropriated pursuant to the Act. With consent of the parties, venue was later changed to Sangamon County. The circuit court there denied plaintiffs' "Motion for Determination of Class," although it allowed the various treasurers to be included as plaintiffs and ruled on the parties' cross-motions for summary judgment. It granted summary judgment in favor of defendants and against plaintiffs. Plaintiffs filed a notice of appeal and later filed a motion for direct appeal, which this court granted (107 Ill. 2d R. 302(b)).

In its order granting defendants' motion for summary judgment, the circuit court found that, because the county treasurers were elected to terms beginning December 1, 1986, and the Act became effective on December 3, 1986, payment to the treasurers pursuant to the

Act is prohibited by section 9(b) of article VII of the Illinois Constitution, which provides as follows:

"(b) An increase or decrease in the salary of an elected officer of any unit of local government shall not take effect during the term for which that officer is elected." Ill. Const. 1970, art. VII, §9(b).

The sole issue before this court is whether the constitutional prohibition of an increase in the salary of elected local officials that becomes effective during those officials' elected terms of office precludes the legislature from conferring upon the treasurers what the legislature has termed a "stipend." We must conclude that, regardless of how the legislature has phrased it, the Act, if it were effectuated, would serve to increase the treasurers' salaries during their elected terms of office, which the constitution forbids.

The treasurers argue that the "stipend" created by the Act is not "salary." We cannot agree. This court has described the term "salary" as follows:

"A salary is a fixed, annual, periodical amount payable for services and depending upon the time of employment and not the amount of services rendered. In *Benedict v. United States*, 176 U.S. 357, it was said concerning the salary of Federal judges: 'Such salary is an annual stipend, payable in sickness as well as in health, for duties much more onerous in some districts than in others and regardless of the fact whether such duties are performed by the judge in person or by the judge of another district called in to take his place. It is compensation which cannot be diminished during the continuance of the incumbent in office and of which he cannot be deprived except by death, resignation or impeachment.' " (*In re Information to Discipline Certain Attorneys of the Sanitary District* (1932), 351 Ill. 206, 274.)

(See also 77 C.J.S. *Salary* 554 (1952) ("the word [salary] implies the receipt of a fixed stipend").) Thus, it appears

that the term "stipend" is used as being synonymous with the term "salary."

Plaintiffs, nevertheless, urge this court to look past the customary definitions of the terms and impart significance to the decision of the drafters of the 1970 Constitution to delete the term "compensation" from section 9(b) of article VII. The entire section 9 of article VII of the 1970 Constitution states the following with regard to the pay of local elected officials:

"§9. Salaries and Fees

(a) Compensation of officers and employees and the office expenses of units of local government shall not be paid from fees collected. Fees may be collected as provided by law and by ordinance and shall be deposited upon receipt with the treasurer of the unit. Fees shall not be based upon funds disbursed or collected, nor upon the levy or extension of taxes.

(b) An increase or decrease in the salary of an elected officer of any unit of local government shall not take effect during the term for which that officer is elected." (Ill. Const. 1970, art. VII, §9.)

The provision in the 1870 Illinois Constitution similar to section 9(b) states as follows:

"The fees, salary or compensation of no municipal officer who is elected or appointed for a definite term of office, shall be increased or diminished during such term." Ill. Const. 1870, art. IX, §11.

We do not read into the omission from section 9(b) of the word "compensation," which was contained in that section's counterpart in the 1870 Constitution, the meaning for which plaintiffs contend. We do not accept plaintiffs' argument that this difference indicates that only salaries of public officials cannot be increased during their terms of office and that this restriction does not apply to other forms of compensation such as a stipend. Even if there was a significant difference in the meanings of the terms in this context, the same two principles

which prohibit increasing salaries would prohibit the payment of other forms of compensation, that is: (1) the power to increase one's salary (compensation) should not be used to influence the performance of an officeholder, and (2) a person ought not to be able to increase his or her own salary (compensation). (See G. Braden & R. Cohn, The Illinois Constitution: An Annotated & Comparative Analysis 476-77 (1969).) We also note that section 11 of article IX of the 1870 Constitution referred to "the fees, salary and compensation," whereas section 9(b) of article VII of the 1970 Constitution only refers to "salary." Thus, both "fees" and "compensation" were eliminated from the proscription by the drafters of the 1970 Constitution. This omission is, at least in part, attributable to the elimination of fee offices in the 1970 Constitution. The word "salaries" in section 9(b), we hold, encompasses all forms of compensation paid to the public official for performing the duties of the office.

The word "compensation" has also been deleted from the pay increase proscription found in another article of the constitution. With regard to the legislative branch, the constitution now states that a "member shall receive a salary and allowances as provided by law, but changes in the salary of a member shall not take effect during the term for which he has been elected." (Ill. Const. 1970, art. IV, §11.) It formerly stated that "no change shall be made in the compensation of members of the general assembly during the term for which they may have been elected." Ill. Const. 1870, art. IV, §21.

A similar provision is found in the judicial article:

> "Judges shall receive salaries provided by law which shall not be diminished to take effect during their terms of office." (Ill. Const. 1970, art. VI, §14.)

This provision, however, varies little from the 1870 Constitution. (Ill. Const. 1870, art. VI, §17.) Likewise, the pay increase prohibition for the executive branch was

changed little by the drafters of the 1970 Constitution. Ill. Const. 1970, art. V, §21; *cf.* Ill. Const. 1870, art. V, §23.

Plaintiffs place considerable emphasis on the language of this section of the executive article:

"Officers of the Executive Branch shall be paid salaries established by law and shall receive no other compensation for their services. Changes in the salaries of these officers elected or appointed for stated terms shall not take effect during the stated terms." (Ill. Const. 1970, art. V, §21.)

Plaintiffs argue that the absence in the local government article of the same provision prohibiting compensation other than salary allows an increase in compensation other than salary for local government officials. We are not persuaded. We note first that the "stipend" that the legislature has created is not compensation other than salary. We also note that the terms "salary" and "compensation" are virtually synonymous (*Cummings v. Smith* (1937), 368 Ill. 94, 99) and are used interchangeably in these provisions of the constitution. The term "salary" is merely more commonly used to describe the payment that elected officials receive for their services, just as the term "wages" is more commonly used to describe the payment that some laborers receive and "commission" is the term used to describe the payment that some salespeople receive. It is simply hard to envision how these elected officials, who are paid by way of salary, can be given more money for the performance of their duties and have it be termed something other than salary. In fact, the "no other compensation for their service" provision in the executive article is merely designed for the same purpose as the provision in the local government article that eliminates the fee system, although stated differently. (Ill. Ann. Stat., 1970 Const., art. V, §21, Constitutional Commentary, at 367-68

(Smith-Hurd 1971).) As such, we find plaintiffs' argument unpersuasive.

Plaintiffs' final argument is that the pay increase is justified by the "additional duties mandated by State law." The Act, however, fails to identify what these additional duties might be. Furthermore, this court has stated that "the constitution absolutely prohibits increasing the pay of county officers even when additional duties are imposed by law." (*Fergus v. Russel* (1915), 270 Ill. 626, 632. See also *Dalton v. City of Moline* (1977), 48 Ill. App. 3d 494; *Lee v. City of Venice* (1917), 206 Ill. App. 376.) Plaintiffs find their only support for this argument in *Lemaster v. City of Green Rock* (1983), 114 Ill. App. 3d 163, in which the court held that the imposition of duties that are separate from the inherent function of one's elected office can justify a mid-term pay raise.

We do not here pass on the validity of the holding in *Lemaster*. We do, however, note that there is a substantial factual difference between *Lemaster* and the case now before us. In *Lemaster*, the office of city clerk was a part-time position, with a fixed monthly salary. By ordinance, the city clerk was designated as city collector, but, by tradition, the functions of city collector were delegated to a deputy clerk, who received a salary for those duties from a separate appropriation. The deputy clerk resigned and the city clerk assumed the duties of city collector and received the amount that had previously been paid to the deputy clerk for performing the duties of city collector. The appellate court found that the duties of city collector were not part of the office of city clerk and that receiving monies formerly paid to the deputy clerk, who acted as city collector, did not constitute an increase in salary.

In the case before us, plaintiffs contend, and section 4.6 of "An Act to revise the law in relation to county

treasurer" provides, that the treasurers are being paid additional compensation for additional duties mandated by State law. These additional duties are, nonetheless, duties of the office of county treasurer and the payment of additional compensation increases the salaries of the county treasurers for performing the functions of their offices, even though these functions may be in addition to those previously provided by statute. Section 4(c) of article VII of the Illinois Constitution of 1970 provides that each county shall elect a sheriff, county clerk and treasurer. Section 4(d) of article VII of the Illinois Constitution of 1970 provides that county officers shall have those duties, powers and functions provided by law and those provided by county ordinance. Thus, a function of the office of treasurer is to perform the duties imposed upon that office by the legislature. The legislature has provided, by statute, for the functions, powers and duties of the office. (See Ill. Rev. Stat. 1987, ch. 36, par. 4 *et seq.*) There can be no justification for the payment of additional compensation for the performance of "additional duties mandated by State law." (Ill. Rev. Stat. 1987, ch. 36, par. 4.6.) These additional duties may be justification for an increase in salary, but not for an increase in salary during the term of office in violation of section 9(b) of article VII of the Illinois Constitution of 1970. Thus, the Act which took effect on December 3, 1986, cannot increase the compensation of those officers whose terms of office began December 1, 1986, during that term.

For these reasons, we affirm the judgment of the circuit court of Sangamon County.

*Judgment affirmed.*