Dear Ms. Owens:
You have requested our opinion about public access to records reflecting individual bonuses or performance awards paid to merit system employees and appointed officials of Anne Arundel County. In a recent opinion, the County Attorney concluded that the Maryland Public Information Act prohibited disclosure of this information. We respectfully disagree. In our opinion, the public is entitled to inspect records that reflect the earnings of government officers and employees, whether those earnings consist solely of a regular salary or are augmented by a bonus or performance award.
 I Analysis
The Maryland Public Information Act ("PIA") protects the privacy of government employees by prohibiting public access to "a personnel record of an individual . . . ." § 10-616(i)(1) of the State Government ("SG") Article, Maryland Code. In addition, the PIA protects the financial privacy interests of citizens generally, including government employees, by prohibiting public access to "the part of a public record that contains information about the finances of an individual, including . . . income . . . ." SG, § 10-617(f)(2). Seegenerally Opinion No. 85-011 (April 15, 1985) (unpublished).
One piece of information, however, is outside these prohibitions on disclosure: the "salary" of a public employee. This information, the General Assembly has determined, must be available to the public. The General Assembly has pursued this objective through two provisions. The first states that the term "`[p]ublic record' includes a document that lists the salary of an employee of a unit or instrumentality of the State government or a political subdivision." SG, § 10-611(f)(2).[1] Moreover, when the General Assembly added the provision on personal financial information in 1982, it provided that the new exemption "does not apply to the salary of a public employee." SG, § 10-617(f)(1). See Chapter 431, Laws of Maryland 1982.[2]
Therefore, as the County Attorney recognized in his opinion, the determinative point is whether the bonuses and performance awards in question are best viewed as part of "the salary of a public employee." If so, the custodian must make the information available on request. See Moberly v. Herboldsheimer,276 Md. 211, 345 A.2d 855 (1975); Opinion No. 76-30 (March 3, 1976) (unpublished). If not, the custodian must maintain the information in confidence.
The County Attorney's opinion cites authority (none involving public access to information) for the proposition that "[t]he law make[s] a distinction between the terms `salary' and `bonus.'" We agree that, in various contexts, courts have often held a bonus to be distinct from a salary. In general, a bonus implies a one-time lump payment, whereas a salary is ordinarily understood to mean the periodic payment of a specific sum, as specified in the employment contract. See, e.g., Blick v. Mercantile Trust Dep. Co., 113 Md. 487, 494, 77 A. 844 (1910). See also MacIntoshv. Brunswick Corp., 241 Md. 24, 215 A.2d 222 (1965); BendixRadio Corp. v. Hoy, 207 Md. 225, 114 A.2d 45 (1955); Johnson v.Schenley Distillers Corp., 181 Md. 31, 28 A.2d 606 (1942);Boyett v. Landon, 231 S.E.2d 765 (Ga. 1977); Schwarze v. SoloCup Co., 445 N.E.2d 872, 877 (Ill.App. 1983).
Yet, the term "salary" is not always given so restrictive a scope as to exclude lump-sum payments like bonuses or performance awards. The most basic meaning of the term, after all, is quite broad: "compensation for services rendered." The Chancellor'sCase, 1 Bland 595, 630 (1825). See also, e.g., Savannah Bank Trust Co. v. Mason, 72 S.E.2d 720, 721 (Ga. 1952); State exrel. Jaspers v. West, 125 P.2d 694, 696 (Wash. 1942).
This broader meaning may be applied to the term "salary" when doing so serves the objective underlying the language. For example, in Rock v. Burris, 564 N.E.2d 1240 (Ill. 1990), the issue was whether legislation that provided for "annual lump sum additional amounts of money" to legislative officers violated a provision of the Illinois Constitution that prohibited "changes in the salary of a member" during the member's term.564 N.E.2d at 1242. The legislators who sought to grant themselves the lump-sum payments argued that these sums were not "salary" and thus could be increased despite the constitutional limitation. The Illinois Supreme Court rejected this argument, however, holding that the term "salary" was meant to encompass "all forms of compensation paid to the public official for performing the duties of office. The fact that institutional officers in the General Assembly are paid an additional amount above the base amount paid to all other legislators makes it no less a salary. It is merely a larger salary." 564 N.E.2d at 1243 (citation and internal quotation marks omitted). So, too, an additional bonus or performance award for some Anne Arundel County employees gives them "a larger salary," if only for one year.
In our opinion, the General Assembly enacted the "salary" provisions of the PIA to ensure that members of the public could find out how much public employees earned. The term "salary" should be construed to help achieve this objective. Giving "salary" too narrow a construction would allow governments to secretly augment the earnings of public employees through bonuses and performance awards, contrary to the General Assembly's goal of holding a government publicly accountable for its compensation decisions. Under the PIA, to borrow a phrase from an Ohio court, "the public has an absolute right to ascertain the earnings of its servants." State ex rel. Jones v. Myers, 581 N.E.2d 629,631 (Ohio Com. Pl. 1991).
 II Conclusion
In summary, it is our opinion that a requester under the Public Information Act is entitled to receive information about the gross amount of bonuses or performance awards paid to merit system employees and appointed officials in Anne Arundel County.[3]
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Jack Schwartz Assistant Attorney General
_________________________ Robert N. McDonald Chief Counsel Opinions Advice
[1] This provision was not in the original Public Information Act. It was added by a separate amendment in 1973. See
Chapter 63, Laws of Maryland 1973. No legislative history is available.
[2] The proviso was added to the bill by amendment "to make it absolutely clear," according to a memorandum in the bill file from the Governor's Information Practices Commission, "that salaries of government employees shall continue to be open to public inspection." See bill file for House Bill 1481 of 1982.
[3] This conclusion does not imply that the public has an entitlement to the documents establishing the basis for a bonus or performance award — for example, performance evaluations. Underlying records of this kind fall within the exemption for personnel records.
 *Page 196